# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ALPHONSO T. WARD**                                                                  **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO.: 5:12-cv-165-DCB-MTP**

**JESSICA WILLIAMS**                                                  **DEFENDANT**

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on the Motion for Summary Judgment [44] filed by Defendant Jessica Williams. Having reviewed the parties' submissions, the record, and the applicable law, the undersigned recommends that Defendant's Motion be granted and this action be dismissed with prejudice.

## BACKGROUND

On December 18, 2012, Plaintiff Alphonso Ward, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's Complaint occurred while he was a post-conviction inmate at Wilkinson County Correction Facility ("WCCF") in Woodville, Mississippi.[1] In his Complaint and as clarified in his testimony at the *Spears*[2] hearing, Plaintiff alleges that Defendant used excessive force against him.

According to Plaintiff, on June 8, 2012, Defendant Jessica Williams issued a Rules Violation Report ("RVR") against Plaintiff. Plaintiff alleges that the RVR was subsequently

---

[1] Plaintiff is currently incarcerated at South Mississippi Correctional Institute in Leakesville, Mississippi.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

dismissed, and Defendant became upset with Plaintiff as a result of the dismissal. On June 10, 2012, Defendant allegedly came to Plaintiff's cell and asked him and his cell-mate if they wanted to leave their cell. According to Plaintiff, as he was existing the cell, Defendant closed the door on his finger, cutting off the tip of the finger. Upon seeing the injury, Defendant allegedly said "I quit" and "I'm not doing this anymore."

Plaintiff claims that Defendant intentionally closed the door on his finger because she was mad about the dismissal of the June 8, 2014, RVR. Plaintiff seeks monetary damages from Defendant. Defendant has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, asserting that there are no genuine issues of material fact and she is entitled to judgment as a matter of law.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id*. (quoting 42 U.S.C. § 1983). Accordingly, Plaintiff must demonstrate a genuine issue of material fact as to the following two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.

Inmates have a constitutional right to be free from the use of excessive force. *Hudson v. McMillian*, 503 U.S. 1 (1992). To prove a claim of excessive force, a plaintiff must show: (1) more than a *de minimus* injury; (2) which resulted from clearly excessive force; and (3) the force was objectively unreasonable. *Collier v. Montgomery*, 569 F.3d 214, 218 (5th Cir. 2009). The "core judicial inquiry" when deciding whether a prison official's use of force violates the Eighth Amendment's prohibit of cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. The evidence must "support a reliable inference of wantonness in the infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 322 (1986).

In her Motion [44] and supporting Memorandum [45], Defendant argues that Plaintiff has failed to establish that she acted maliciously or sadistically. In support of her Motion, Defendant submitted an affidavit asserting that the incident with Plaintiff was an accident. Defendant

states, in part:

> When I approached inmate Ward's cell he was standing in front of his door. When I tried to [close] the door, inmate Ward began to hold the door open. I gave inmate Ward a direct verbal order to stop holding the door. I then made a second attempt to shut the door. I successfully closed the door on the second attempt but Inmate Ward put his fingers in the door to try to hold it open.
> . . . .
>
> When I tried to close the door the second time I did not know Inmate Ward would put his fingers in the door. I did not intentionally close the door on Inmate Ward's finger.

([44-1].)

On the other hand, Plaintiff asserts that Defendant's actions were purposeful. In order for Plaintiff's claim to survive summary judgment, there must be sufficient evidence in the record indicating that Defendant maliciously or sadistically closed the cell door on Plaintiff's finger. *See Whitley*, 475 U.S. at 322. Plaintiff's evidence, however, is not sufficient to support a reliable inference of wantonness on the part of Defendant.

In his Response [49] to Defendant's Motion, Plaintiff quibbles about the fact that in the RVR Defendant issued regarding the incident, she stated that Plaintiff placed his *hand* in the door, while in her affidavit she stated that Plaintiff placed his *fingers* in the door. According to Plaintiff, Defendant's statements are contradictory. Notwithstanding the fact that Defendant substituted the word "fingers" for the word "hand," Defendant's statements do not support a reliable inference that Defendant acted with wantonness.

Plaintiff also reasserts his allegation that on June 8, 2012, Defendant issued an RVR against Plaintiff and the RVR was subsequently dismissed. According to Plaintiff, Defendant became upset with him because of the RVR dismissal. This chronology of events and Plaintiff's conclusory allegations are insufficient to support Plaintiff's claim. Plaintiff does not allege that

4

Defendant threatened him or expressed satisfaction that Plaintiff was injured. Instead, Plaintiff alleges that, upon seeing the injury, Defendant said "I quit" and "I'm not doing this anymore." These statements do not support a finding of malice.

Plaintiff has failed to present sufficient evidence demonstrating that Defendant had the requisite intent to cause Plaintiff harm. *See McKenzie v. Ladreyt*, 2013 WL 592679, at *5 (E.D. La. Feb. 14, 2013) (holding that evidence of a prison officer's experience operating a motorized door was not sufficient to establish the officer acted maliciously or sadistically when he closed the door on an inmate's leg); *Hill v. Kelly*, 1997 WL 638402, at **3-4 (E.D. Pa. Oct. 16, 1997) (holding that an inmate's testimony that a prison officer smiled deviously after he closed a cell door on the inmate's thumb was not sufficient to establish the officer acted maliciously or sadistically). Accordingly, Plaintiff has failed to produced evidence creating a genuine issue of material fact, and Defendant is entitled to judgment as a matter of law.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that:

1. Defendant's Motion for Summary Judgment [44] be GRANTED and
2. This action be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 30th day of October, 2014.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge